1

2    IN THE UNITED STATES DISTRICT COURT

3    FOR THE NORTHERN DISTRICT OF TEXAS

4   Mahmoud Abuazab,                              Case No.:

5
            Plaintiff,
6

7       vs.                                       **COMPLAINT**

8
    Experian Information Solutions, Inc.,
9   an Ohio corporation, Trans Union, LLC, a     **JURY TRIAL DEMAND**
10  Delaware Limited Liability Company,
    Equifax Information Services, LLC,
11  a Georgia company, and
12  ProCollect, Inc.,
    a Texas corporation,
13

14
            Defendants.
15

16
        NOW COMES THE PLAINTIFF, MAHMOUD ABUAZAB, BY AND
17

18  THROUGH COUNSEL, DENNIS McCARTY, who, for his Complaint against the

19
    Defendants, pleads as follows:
20

21                    **<u>JURISDICTION</u>**

22    1.  Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA")
23
          15 U.S.C. §1681p; the Fair Debt Collection Practices Act ("FDCPA"), 15
24
25        U.S.C. §§ 1692-1692p; and 28 U.S.C. §§1331, 1337.

26

27

28
                                    1

**VENUE**

2.  The transactions and occurrences which give rise to this action occurred in the City of Rowlett, Dallas County, Texas.

3.  Venue is proper in the Northern District of Texas, Dallas Division.

**PARTIES**

4.  The Plaintiff, Mahmoud Abuazab is a natural person who resides in the City of Rowlett, Dallas County, Texas.

5.  The Defendants to this lawsuit are:

    a.  Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Dallas County, Texas;

    b.  Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Travis County, Texas;

    c.  Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Travis County, Texas; and

    d.  ProCollect, Inc. ("ProCollect"), which is a Texas corporation that maintains a registered agent in Dallas County, Texas.

**GENERAL ALLEGATIONS**

6.  In 2015, Plaintiff obtained electricity through Axon Power and Gas ("Axon") for his apartment. However, his electricity was disconnected without warning or notice after a few months of service. Upon contacting Axon, Plaintiff was

advised that someone attempted to setup electricity in Plaintiff's name for his apartment unit. Mr. Abuazab explained to the Axon representative that he did not attempt to setup electricity because he already had electricity service for the apartment. The Axon representative told Mr. Abuazab that it would not restore his power, so Mr. Abuazab then switched his electrical services to a different company.

7.  Later in 2015, Mr. Abuazab received a letter from Axon stating that he owed $250.00 for a disconnection fee. However, Plaintiff never requested that his service be disconnected, and he does not owe any money regarding Axon's electricity service.

8.  On or about March 13, 2017, Mr. Abuazab obtained his credit files and noticed that ProCollect was reporting a trade line with account number 420790XXXX ("Bogus Trade Line") for the debt allegedly owed to Axon.

9.  On or about March 24, 2017, Mr. Abuazab submitted a letter to Experian, Trans Union and Equifax disputing the Bogus Trade Line. In the dispute letter, Mr. Abuazab explained that Axon wrongfully disconnected his electricity service, and requested that the Bogus Trade Line be removed from his credit file.

10. Upon information and belief, Experian, Trans Union and Equifax forwarded Mr. Abuazab's consumer dispute to ProCollect.

3

11. On or about April 19, 2017, Mr. Abuazab received Equifax's investigation results which showed that ProCollect retained the Bogus Trade Line.

12. On or about April 20, 2017, Mr. Abuazab received Experian's investigation results which showed that ProCollect retained the Bogus Trade Line.

13. On or about April 20, 2017, Mr. Abuazab received Trans Union's investigation results which showed that ProCollect retainer the Bogus Trade Line.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT BY PROCOLLECT

15. Plaintiff reincorporates the preceding allegations by reference.

4

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a.  15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the debt by attempting to collect a debt that Plaintiff does not owe;

    b.  15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by attempting to collect a debt that Plaintiff does not owe.

20. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

5

## COUNT II

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROCOLLECT**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian, Trans Union and Equifax of Mr. Abuazab's consumer dispute of the Bogus Trade Line, ProCollect negligently failed to conduct a proper investigation of Mr. Abuazab's dispute as required by 15 USC 1681s-2(b).

23. ProCollect negligently failed to review all relevant information available to it and provided by Experian, Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).

24. ProCollect also negligently failed to direct Experian, Trans Union and Equifax to remove the Bogus Trade Line as required by 15 USC 1681s-2(b).

25. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Abuazab's consumer credit file with Experian, Trans Union and Equifax to which it is reporting such trade line.

26. As a direct and proximate cause of ProCollect's negligent failure to perform its duties under the FCRA, Mr. Abuazab has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. ProCollect is liable to Mr. Abuazab by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Mr. Abuazab has a private right of action to assert claims against ProCollect arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant ProCollect for damages, costs, interest and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROCOLLECT

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Experian, Trans Union and Equifax that Mr. Abuazab disputed the accuracy of the information it was providing, ProCollect willfully failed to conduct a proper reinvestigation of Mr. Abuazab's dispute.

31. ProCollect willfully failed to review all relevant information available to it and provided by Experian, Trans Union and Equifax as required by 15 USC 1681s-2(b).

32. ProCollect also willfully failed to direct Experian, Trans Union and Equifax to remove the Bogus Trade Line as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of ProCollect's willful failure to perform its duties under the FCRA, Mr. Abuazab has suffered damages, mental anguish, suffering, humiliation and embarrassment.

34. ProCollect is liable to Mr. Abuazab for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant ProCollect for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT IV

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Abuazab as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Abuazab that was false, misleading, and inaccurate.

8

38. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Abuazab, in violation of 15 USC 1681e(b).

39. After receiving Mr. Abuazab's consumer dispute to the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Abuazab has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Mr. Abuazab by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT V</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Abuazab as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Abuazab that was false, misleading, and inaccurate.

45. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Abuazab, in violation of 15 USC 1681e(b).

46. After receiving Mr. Abuazab's consumer dispute to the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Abuzab has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Experian is liable to Mr. Abuazab by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT VI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Abuazab as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Abuazab that was false, misleading, and inaccurate.

52. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Abuazab, in violation of 15 USC 1681e(b).

53. After receiving Mr. Abuazab's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Abuazab has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

11

55. Trans Union is liable to Mr. Abuazab by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Abuazab as that term is defined in 15 USC 1681a.

58. Such reports contained information about Mr. Abuazab that was false, misleading, and inaccurate.

59. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Abuazab, in violation of 15 USC 1681e(b).

60. After receiving Mr. Abuazab's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

12

61. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Abuzab has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Mr. Abuazab by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Abuazab as that term is defined in 15 USC 1681a.

65. Such reports contained information about Mr. Abuazab that was false, misleading, and inaccurate.

13

66. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Abuazab, in violation of 15 USC 1681e(b).

67. After receiving Mr. Abuazab's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Abuazab has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Equifax is liable to Mr. Abuazab by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

70. Plaintiff realleges the above paragraphs as if recited verbatim.

14

71. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Abuazab as that term is defined in 15 USC 1681a.

72. Such reports contained information about Mr. Abuazab that was false, misleading, and inaccurate.

73. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Abuazab, in violation of 15 USC 1681e(b).

74. After receiving Mr. Abuazab's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

75. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr.  Abuzab has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Equifax is liable to Mr. Abuazab by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendants:

(a) Actual damages against Procollect pursuant to 15 U.S.C. §1692k;

(b) Statutory damages against Procollect pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees against Procollect pursuant to 15 U.S.C. §1692k;

(d) Actual damages against Experian, Trans Union, Equifax, ProCollect pursuant to 15 U.S.C. §1681

(e) Statutory damages against Experian, Trans Union, Equifax, ProCollect pursuant to 15 U.S.C. §1681

(f) Punitive damages pursuant Experian, Trans Union, Equifax, ProCollect pursuant to 15 U.S.C. §1681

(g) Costs and reasonable attorney's fees against Experian, Trans Union, Equifax, ProCollect pursuant to 15 U.S.C. §1681n, §1681o

(h) Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

16

1

2

3      DATED:  August 8, 2017

4

5                                                    Respectfully Submitted:

6

7                                         By:___/s/  Dennis McCarty_____

8                                         ATTORNEY FOR PLAINTIFF
                                          Mississippi Bar No. 102733
9                                         Supreme Court of the United States Bar
                                          No. 302174
10                                        Federal Bar No. 993800
                                          P.O. Box 111070
11                                        Carrollton, TX, 75011
                                          Telephone: (817) 704-3375
12                                        Fax: (817) 887-5069
                                          dmccartylaw@att.net
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28